UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

TIMOTHY W. HALL,        )
                        )
    Petitioner,          )      No. 6:19-CV-117-REW
                        )
v.                      )
                        )
GREGORY KIZZIAH, Warden, )      OPINION & ORDER
                        )
    Respondent.          )

\*\*\* \*\*\* \*\*\* \*\*\*

Timothy W. Hall, an inmate at USP McCreary in Pine Knot, Kentucky, filed a *pro se* petition under 28 U.S.C. § 2241. DE #1. Warden Kizziah responded, *see* DE #14, and Hall replied, *see* DE #19. This matter is thus ripe for decision.[1] Because Hall has not shown that his remedy under 28 U.S.C. § 2255 is legally inadequate or ineffective, he may not seek relief via § 2241, and the Court dismisses his petition.

**I.**

In 2014, a Southern District of Florida jury convicted Hall of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). *See United States v. Timothy Wesley Hall*, No. 9:14-cr-80060-DPG, at E.C.F. No. 77 (S.D. Fla. 2014). At sentencing, the district court determined that Hall was subject to sentence enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e); it found that several of Hall's prior convictions qualified as ACCA predicates, including 1987 and 1988 convictions for possession with intent to sell cocaine in West Palm Beach, Florida (in violation of Fla. Stat. § 893.13) and a 2009 conviction for aggravated battery with a

---

[1] The Court recently granted Hall leave to amend his petition to include a brief argument based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019). DE #21. Petitioner now seeks to withdraw the amendment request. DE #22. The Court **GRANTS** DE #22 and, accordingly, does not consider Hall's *Rehaif* argument.

firearm in Riviera Beach, Florida (in violation of Fla. Stat. § 784.021). *See id.*, at E.C.F. No. 124, pp. 29–30; *see also* DE #16-1 (Final Presentence Investigation Report (PIR)) at ¶¶ 16, 24–25, 49; DE ##14-6, 14-7, 14-8 (Florida Judgments).[2] The court ultimately sentenced Hall to 262 months' incarceration. *See* No. 9:14-cr-80060-DPG, at E.C.F. No. 101.

The Eleventh Circuit summarily affirmed Hall's conviction and sentence on direct appeal. *See United States v. Hall*, 618 F. App'x 657 (11th Cir. 2015). Hall then filed a motion to vacate his sentence under § 2255, arguing, based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), that invalidation of the ACCA's residual clause rendered his enhanced sentence unconstitutional. *See Hall*, No. 9:14-cr-80060-DPG, at E.C.F. No. 148. The district court denied the sought relief, concluding that "none of [Hall's] three ACCA predicate convictions fall under the now-unconstitutional residual clause." *See id.*, at E.C.F. No. 149, p. 4.[3] Though Hall appealed the denial of his § 2255 motion, the Eleventh Circuit dismissed the appeal on March 6, 2018 for failure to prosecute. *See id.*, at E.C.F. No. 159.

Hall now pursues relief via § 2241, attempting to fit within the narrow § 2255(e) "savings clause."[4] DE #1. He challenges the three here-identified ACCA predicate offenses, arguing that his cocaine possession convictions violated the Fifth Amendment's double jeopardy prohibition and that he does not actually have a valid aggravated assault conviction. Petitioner further contends, relying in part on the Supreme Court's clarification of the categorical and modified

---

[2] "E.C.F. No." refers to records within other court dockets, while "DE #" corresponds with entries in the instant docket.

[3] The court found that Hall's two § 893.13 convictions for possession with intent to sell cocaine were ACCA serious drug offenses and noted that the residual clause applied only to the ACCA's violent felony definition. *Id.* It further determined that Hall's § 784.021 aggravated battery conviction qualified as an ACCA violent felony under the statute's elements, rather than residual, clause and, thus, was unaffected by *Johnson*. *Id.*

[4] The Court has previously noted interchangeability of "savings clause" and "saving clause." *See Meeks v. Kizziah*, No. 7:18-cv-80-REW, DE #17 at 3 n.5; *Drew v. Kizziah*, No. 6:19-cv-28-REW, DE #19 at 2 n.1. The Court uses the more common "savings clause" variant.

categorical approaches to ACCA predicate analyses in *Mathis v. United States*, 136 S. Ct. 2243 (2016), that the three convictions are not ACCA-qualifying offenses. Hall's failure to demonstrate inability to raise these arguments earlier, however, is fatal to his petition and warrants dismissal.

## II.

Federal prisoners generally may not use § 2241 to collaterally attack their sentences, as Hall here seeks to do. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Section 2255 is the proper vehicle for collaterally asserting perceived detention illegality; § 2241, rather, is reserved "for claims challenging the execution or manner in which the sentence is served[,]" such as those involving sentence credit computation issues. *Id.* A § 2241 petition does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The narrow exception to this rule is the "savings clause" of § 2255(e). The savings clause permits a petitioner to assert a sentencing error claim via § 2241 only if it "appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [the prisoner's] detention." § 2255(e); *see Truss v. Davis*, 115 F. App'x 772, 773–74 (6th Cir. 2004). Critically, a § 2255 motion is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed, he did not file a § 2255 motion, or a previous § 2255 motion failed. *See Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review"). In other words, § 2241 does not provide prisoners another "bite at the apple." *Hernandez*, 16 F. App'x at 360. "It is the petitioner's burden to establish that his remedy under Section 2255 is inadequate or ineffective." *Martin v. Perez*, 319 F.3d 799, 803 (6th Cir. 2003) (citation and footnote omitted).

That Hall's § 2255 and subsequent appeal efforts were unsuccessful as a practical matter, due to procedural failures, does not mean that the § 2255 remedy itself was or is legally inadequate or ineffective. *See* DE #1 at 4 (arguing that, given his § 2255 motion's dismissal on procedural grounds, he "did an ineffective job" pursuing relief under that section and thus falls within the savings clause); *Copeland*, 36 F. App'x at 795 ("A prisoner's remedy under § 2255 is not inadequate or ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255[.]"). Rather, to demonstrate that the § 2255 remedy is inadequate or ineffective within the meaning of § 2255(e), a petitioner must satisfy certain specific conditions.

In this Circuit, "[w]hen seeking to petition under § 2241 based on a misapplied sentence, the petitioner must show[,]" among other things, "a case of statutory interpretation . . . that is retroactive and could not have been invoked in the initial § 2255 motion[.]" *Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016); *accord id.* at 600 (requiring "a subsequent, retroactive change in statutory interpretation by the Supreme Court"); *see also Wright v. Spaulding*, 939 F.3d 695, 703 (6th Cir. 2019) (clarifying that "in this circuit, a federal prisoner who has already filed a § 2255 motion and cannot file another one cannot access § 2241 just because a new Supreme Court case hints his conviction or sentence may be defective . . . [T]he prisoner must also show that binding adverse precedent (or some greater obstacle) left him with no reasonable opportunity to make his argument earlier, either when he" appealed his conviction or initially sought § 2255 relief) (emphases, quotation marks, and citations omitted).

None of Hall's sentencing challenges meets the *Hill*/*Wright* criteria for savings clause qualification. First, neither the assertion that his predicate drug felony convictions violated the double jeopardy bar, nor the cursory contention that he, in fact, had no valid prior aggravated assault conviction, is based on any intervening Supreme Court case of statutory interpretation. Nor

does he argue that binding adverse precedent—or any greater obstacle—prevented him from earlier making these arguments, whether when he was convicted of the predicate offenses, at the time of his federal sentencing or relevant direct appeal, or in his initial § 2255 motion.[5] Hall thus "had several opportunities" to argue these claims, "free of any procedural impediments or hostile precedents." *Wright*, 939 F.3d at 706. That he did not do so, or that he did so unsuccessfully, does bring him within savings clause ambit.[6]

Hall's claim that the district court erred in failing to analyze his ACCA predicates under the modified categorical approach similarly fails. Without explicitly arguing that § 893.13 or § 784.021 is divisible, Hall maintains that the modified categorical approach required the district court to substantiate the ACCA predicate convictions under these sections with *Shepard*[7] documents. *See* DE #1-2 (arguing that the § 893.13 convictions "were never proven with legal document only my [PIR]"); DE #1 at 7 (referring to the § 893.13 convictions and asserting that "[t]he government [failed] to do the modified categorical approach by consulting the trial records—charging document, plea agreement, transcripts of plea"); *id.* at 7–8 (discussing the § 784.021 conviction and stating that "[o]nce again the government only use[d] my [PIR] . . . not the *Shepard* approve[d] document" and that "[t]he government did not do the modified categorical

---

[5] Indeed, Hall admits that he not only had opportunity to earlier raise a double jeopardy argument with respect to his Florida cocaine possession proceedings, but that he in fact seized it—he notes that his lawyer at the time did, unsuccessfully, so argue. *See* DE #1-2.

[6] Hall's conclusory, factual assertion that the cocaine possession predicate convictions were actually misdemeanors, rather than felonies, likewise could have been raised in any of his earlier proceedings, without need for any then-unavailable legal authority. This too falls outside the savings clause. Further, to the extent that Hall's reply can be construed as injecting a (one-sentence) claim that the cocaine possession convictions were not separate offenses, *see* DE #19 at 3 (arguing that "the government did not prove that they were distinct"), he does not contend that (much less explain why) he could not have made such an argument at any earlier time. Nor does he cite any intervening authority he would have needed to do so. The claim is thus not reviewable, per § 2255(e), in a § 22441 petition.

[7] *Shepard v. United States*, 125 S. Ct. 1254 (2005).

approach"). To the extent Hall bases this claim on *Shepard* itself—a 2005 case—he had ample opportunity to raise it at the time of the 2014 § 922(g) sentencing, subsequent direct appeal, and 2015 initial § 2255 motion. *See, e.g.*, No. 9:14-cr-80060-DPG, at E.C.F. No. 101 (December 2014 Final Judgment). As discussed, "[t]hat he failed to seize [such opportunity] does not mean that § 2255 was 'inadequate or ineffective' to test his sentence." *Wright*, 939 F.3d at 706.[8]

Further, to the extent that Hall bases this claim on *Mathis*'s 2016 (post-sentencing, appeal, and initial § 2255) clarification of the categorical and modified categorical approaches,[9] he did not need the case to raise the claim. An inability to specifically cite *Mathis* at the time of Hall's sentencing, appeal, or § 2255 effort is insufficient to demonstrate that Hall had no reasonable prior opportunity to argue for application of the modified categorical approach. *See Wright*, 939 F.3d at 705 ("To be sure, Wright could not cite *Mathis*, specifically, before it existed. But a claim for habeas relief is more than the talismanic force of a new case name."). The case merely clarified—but did not create—the categorical or modified categorical approaches. "A new case matters only, if at all, because of the new legal arguments it makes available[,]" *id.*, and *Mathis* unearthed no new legal ground. Hall could have tested the predicates under the current theory all along.

Hall does not include a merits analysis under *Mathis*; he offers no discussion of the underlying substantive ACCA predicate statutes, makes no argument regarding the elements of the predicate offenses, and provides no guidance as to how *Mathis* or its forebears would have impacted his sentencing. Hall, rather, largely seems to dispute *how* the Government proved the prior convictions' existence, as opposed to whether any conviction's predicate status hinged on a

---

[8] The same is true for any reliance Hall places on *Descamps v. United States*, 133 S. Ct. 2276 (2013), which he references in the DE #1-1 "Memorandum of Case Law" but does not substantively discuss in his petition or supporting arguments.
[9] Like *Descamps*, Hall lists *Mathis* in DE #1-1, but he does not discuss it within his arguments or actually apply it to the petition.

6

particular approach to elemental scrutiny. Hall does not parse or advocate as to the structure, scope, or details of the underlying statutes; he does not even attempt to explain how divisibility of either predicate statute would disqualify the convictions as ACCA predicates.[10] No conclusion as to ACCA predicate status follows from Hall's conclusory reference to the statutes' supposed divisibility.

Further, the appellate courts have consistently considered convictions under the statutes at issue here as qualifying ACCA predicates, even post-*Mathis*. *See, e.g., United States v. Golden*, 854 F.3d 1256, 1257 (11th Cir. 2017) (per curiam) (recognizing that an aggravated assault conviction under § 784.021 constitutes a valid ACCA predicate offense); *United States v. Casamayor*, 721 F. App'x 890, 896–97 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 1254 (2019) (discussing *Golden* and *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1338 (11th Cir. 2013), and stating: "This Court has held that Florida aggravated assault with a deadly weapon under Florida Statutes § 784.021 categorically qualifies as a violent felony under the ACCA's elements clause . . . [T]his Court has held that *Turner* remains binding precedent after the Supreme Court's decisions in [*Mathis* and *Descamps*.]"); *see also United States v. Koenig*, 410 F. App'x 971, 973 (7th Cir. 2010) ("But the particular subsection is beside the point; as the district court explained, any aggravated assault conviction under § 784.021(1) qualified as a violent felony."); *United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014) (holding that a drug possession conviction under § 893.13 is a "serious drug offense" under the ACCA); *United States v. Anderson*,

---

[10] Indeed, Hall's perfunctory reference to statute divisibility in his reply—followed immediately by discussion regarding the Government's perceived failure to properly prove the convictions' existence, via *Shepard* documents—suggests that Hall may mistakenly believe that the divisibility concept relates to the Government's method of conviction proof at sentencing (as opposed to the proper method for establishing ACCA predicate qualification). *See* DE #19 at 2–3. Nor does Hall discuss, or even mention, statute divisibility in his petition.

774 F. App'x 608, 609 (11th Cir. Aug. 2, 2019) (per curiam) (confirming continued application of *Smith*'s holding).

Hall simply complains that the United States relied on PIR provisions to show the convictions at issue. Though Hall misrepresents the record (which reflects additional sentencing proof of the three convictions at issue here via judgments and a plea agreement, *see* No. 9:14-cr-80060-DPG, at E.C.F. No. 124 (Sentencing Tr.), pp. 19–27), the manner of proving the fact of a prior conviction is not the subject of *Mathis* or its predecessors. And, as a general matter, no particular proof method is required. *See, e.g. United States v. Hockenberry*, 730 F.3d 645, 666 (6th Cir. 2013) (quoting *United States v. Anderson*, 695 F.3d 390, 398 (6th Cir. 2012)) ("We have specifically held that 'previous convictions under the ACCA are treated as sentence enhancements, not offense elements.' Accordingly, in determining whether the ACCA applies, 'a judge is permitted to find, based on the preponderance of the evidence, the fact of a prior conviction.'); *United States v. Farrad*, 895 F.3d 859, 888 (6th Cir.) (rejecting proof arguments, as to enhancing conviction, under *Almendarez-Torres v. United States*, 118 S. Ct. 1219 (1998)), *cert. denied*, 139 S. Ct. 651. The fact of a prior conviction is markedly different from whether that conviction legally constitutes a qualifying ACCA predicate. Hall's argument centers on the former inquiry, only loosely advancing a *Mathis* argument. Neither is meritorious or cognizable under § 22441 via the savings clause for the reasons discussed, and Hall's petition fails.

**III.**

Hall has not demonstrated that he had "no reasonable opportunity to make his argument[s] earlier[.]" *Wright*, 939 F.3d at 703. He thus has not shown that § 2255 was or is inadequate or ineffective to test detention, as he must to pass through the § 2255(e) savings clause and bring his sentencing error claims via § 2241.

Accordingly, Hall establishes no basis for habeas relief, and the Court **DENIES** his petition (DE #1). A corresponding Judgment follows.

This the 6th day of December, 2019.

Signed By:
*Robert E. Wier*
United States District Judge